**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **KRISHNENDU CHAKRABORTY**, *et al.*, <br> Plaintiffs, <br> v. <br> **VISA, INC.**, *et al.*, <br> Defendants. | Case No. 4:21-cv-05302-YGR <br><br> **ORDER GRANTING MOTION TO DISMISS** <br><br> Re: Dkt. No. 94 |

Defendants Visa, Inc., Visa U.S.A. Inc., and Visa International Service Association (together, "Visa") have filed a Motion to Dismiss plaintiffs Krishnendu Chakraborty, Maureen Young, Emily Wright, Rachelle Blake, and Brittany Delacruz's Third Amended Class Action Complaint ("TAC") alleging violations of California, Washington, Massachusetts, and New Jersey consumer protection laws and seeking to recover damages under a theory of unjust enrichment.

A threshold issue in this litigation is whether plaintiffs have alleged reliance as is required for claims, such as these, that sound in fraud. Specifically, parties dispute whether plaintiffs adequately plead that they relied to their detriment on Visa's alleged misrepresentations regarding the foreign exchange ("FX") fees they charge for transactions processed outside the United States.

Having carefully considered this issue as well as parties' briefs and pleadings, and for the reasons below, the Court finds plaintiffs have not sufficiently pled reliance on misrepresentations by and/or the actions of Visa and, on that basis, their claims fail as a matter of law. As plaintiffs have had multiple opportunities to cure deficiencies in their pleadings and have failed to do so, the Court determines that leave to amend would be futile. The Court therefore **GRANTS** defendants' motion **WITH PREJUDICE**.

Plaintiffs claim Visa misrepresented[1] the FX fees they apply when processing foreign transactions. Such allegations plainly sound in fraud and require that plaintiff allege reliance on the alleged misrepresentations. *See, e.g.*, *Kwikset Corp. v. Superior Ct.*, 51 Cal.4th 310, 326 (2011) (requiring that plaintiffs stating a claim under section 17200 of the California Business and Professions Code (the "UCL") on a misrepresentation theory "demonstrate actual reliance on the allegedly deceptive or misleading statements, in accordance with well-settled principles regarding the elements of reliance in ordinary fraud actions") (citation omitted).

The Court explained this reliance requirement in its August 19, 2022 tentative order granting defendants' Motion to Dismiss plaintiffs' Second Amended Class Action Complaint ("SAC"). (Dkt. No. 73, Tentative Order Granting in Part Motion to Dismiss Including for Lack of

---

[1] Plaintiffs' belated attempts to reframe their allegations as stating claims for fraudulent conduct and/or omission fail to persuade. As the California Supreme Court observed with skepticism, "through clever pleading, 'every fraud case based on material misrepresentation [can] be turned facilely into a material omissions case.'" *Mirkin v. Wasserman*, 5 Cal.4th 1082, 1093 (1993) (citations omitted). This is what plaintiffs unsuccessfully seek to do here.

In their opposition, plaintiffs argue that some of their claims are "based on Visa's *conduct and omissions*," whereas others are "omission-based claims." Dkt. No. 98, Plaintiffs' Opposition to Defendants' Motion to Dismiss at 3:16, 20 (emphasis in original). In the first camp, plaintiffs place allegations "that they paid more on their foreign transactions than they would have paid if Visa had applied proper FX rates and/or disclosed the truth about its rate-selection procedures." *Id.* 3:18-19. Plaintiffs put the following allegations in the latter camp: "Visa's failure to disclose that it used rates higher than wholesale market rates would mislead a reasonable person." *Id.* 3:22-23.

As a threshold matter, the distinction plaintiff draws in their opposition between the two above-referenced theories of deceit is not reflected in the organization or content of the TAC. This alone would provide reason for the Court to grant defendants' motion for lack of sufficiently definite pleadings.

However, the Court finds that further leave to amend to clarify plaintiff's theories of fraudulent conduct and/or omission would be futile. The underlying facts of both the "conduct and omission" and "omission-based" allegations set forth above are the same: Visa's disclosures regarding foreign transactions are misleading in the way in which they refer to market exchange rates. This is plainly a theory of fraud by misrepresentation. Plaintiffs still have given no indication of factual allegations sufficient to recast this misrepresentation case into a different type of fraud cause (*e.g.*, Visa had a duty to disclose particular information to card-holders, which it failed to do). For the foregoing reasons, the Court views this theory as a last-ditched effort to save the complaint, which the Court declines to countenance.

Article III Standing; Granting Leave to Amend ("Tentative Order").)[2] There, the Court advised:

> Since plaintiffs' claims sound in fraud, they must demonstrate actual reliance on the allegedly deceptive or misleading statements. There are no allegations suggesting that plaintiffs relied on Visa's practices and/or their cardholder agreements.

(*Id.* at 4 (cleaned up).)

Having been explicitly advised of the required allegations, the Court compares the SAC with the TAC. (*Compare, e.g.*, Dkt. No. 76, SAC ¶¶ 35, 161 *with* TAC, ¶¶ 40, 199.) Both the SAC and TAC assert the named plaintiffs had "no reason to believe that the FX rates selected by Visa and applied to the transactions on their billing statements were anything other than wholesale market rates selected in good faith" and therefore paid their credit card bills. (*See, e.g.*, TAC ¶ 199.) Plaintiffs further claim that, had they known "the whole truth, they would not have paid" their bills. (*Id.*) These allegations are insufficient to plead reliance on any misrepresentation and/or conduct by Visa. Plaintiffs do not allege having reviewed the cardmember agreements with the banks that issued their Visa-branded credit cards (which incorporate the Visa Rules)[3] or otherwise becoming aware of Visa's FX rate-related conduct. Nor do plaintiffs point to any specific misrepresentations by Visa, instead simply alluding to Visa not having provided them with "the whole truth." (*Id.*)

More is required to plausibly allege reliance, especially where, as here, plaintiffs' pleadings are assessed under the heightened Rule 9(b) standard.[4] *See* Fed. R. Civ. P. 9(b) ("In

---

[2] Parties stipulated to entry of the tentative order, which was finalized by the Court. *See* Dkt. No. 75, Order Granting Stipulation to Entry of Tentative Ruling and Proposed Schedule for Amendment and Responsive Pleadings.

[3] The phrase "Visa Rules" refers to disclosures made by Visa concerning, among other things, their FX rates. The Rules are incorporated into agreements between Visa and the banks that issue Visa-branded credit cards to consumers. TAC ¶ 4.

[4] Plaintiff offers no authority that requires a different result. Most of their cited authorities concern *fraudulent omission* cases, which are inapplicable here for the reasons articulated, *supra*, at note 1. The remainder are distinguishable. First, plaintiff invokes *In re Tobacco II Cases* in relevant part to argue that "[A] presumption, or at least an inference, of reliance arises wherever there is a showing that a misrepresentation was material." 46 Cal.4th 298, 327 (2009). Plaintiffs do not argue whether such an "inference" exists in this case and therefore the Court determines they have not fully developed this argument, which the Court declines to reach.

alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.")

Plaintiffs' failure to adequately plead reliance is also fatal to their claims under other state consumer protection statutes and their quasi-contract claim. *See In re ZF-TRW Airbag Control Units Products Liability Litig.*, 601 F.Supp.3d 625, 800 (C.D. Cal. 2022) (granting motion to dismiss where the complaint did "not sufficiently allege that any [p]laintiff was exposed to, or relied on, any [d]efendant's misleading statement or fraudulent omission. Therefore, [p]laintiffs

---

Second, plaintiffs cite *Casavant v. Norwegian Cruise Line Ltd.* for the proposition that, under Massachusetts's consumer protection statute, Chapter 93A, plaintiffs are not required to show actual reliance but instead to prove "a causal connection between the deception and the loss and that the loss was foreseeable as a result of the deception." 460 Mass. 500, 503 (2011). Even if this is correct, however, plaintiffs' amended pleadings do not make such a showing because, again, plaintiffs are not alleged to have been exposed to the disclosures by Visa that plaintiffs challenge as deceptive.

Third, plaintiffs point to two cases interpreting Washington law, *Handlin* and *Ralph Williams*, to assert that plaintiffs need not prove reliance to state a claim under that state's consumer protection statute. *See Handlin v. On-Site Mgr.*, 187 Wash. App. 841 (2015); *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.*, 87 Wash. 2d 298, 317 (1976) (en banc). However, *Handlin* does not stand for such a strong proposition. That case simply identifies injury and causation as elements of a Washington Consumer Protection Act ("CPA") violation; it does not speak to reliance. *Handlin*, 187 Wash. App. at 847. Further, since the causal chain between Visa's alleged misrepresentations and consumers' alleged responses in the instant case is lacking (as described above in relation to *Casavant*), *Handlin* would appear to offer an alternative means to grant defendants' motion rather than compel a different result.

As to *Ralph Williams*, plaintiffs cite to language that is outdated. There, the Washington Supreme Court wrote that CPA claimants "must prove that the conduct [at issue] has the capacity or tendency to deceive." *Ralph Williams*, 87 Wash.2d at 317. The authority relied on for this statement is a Seventh Circuit decision that did not apply Washington law. *See Vacu-Matic Carburetor Co. v. Federal Trade Comm'n*, 157 F.2d 711 (7th Cir. 1946), *cert. denied* 331 U.S. 806 (1947). Further, the statement from *Ralph Williams* does not align with the Washington Supreme Court's articulation of the elements of a CPA violation in an en banc decision ten years later, in which injury and causation are included and the "capacity or tendency to deceive" language is not referenced. *See Hangman Ride Training Stables, Inc. v. Safeco Title Ins. Co*, 105 Wash. 2d 778, 780 (1986) (en banc). Under *Hangman*, plaintiffs' allegations would still fail for the above-referenced causation deficiencies. The Court is reassured of its causation assessment by the Ninth Circuit's unpublished and nonprecedential opinion in *Maple v. Costco Wholesale Corp.*, in which the court affirmed dismissal of a CPA case for lack of causation where plaintiff did not allege they had actually read the allegedly deceptive disclosure. 649 Fed.Appx. 570, 572-73 (9th Cir. 2016).

4

have not pleaded causation, which is required to state a claim under the Washington [Consumer Protection Act].") (citation omitted)); *Salit Auto Sales, Inc. v. CCC Intelligent Solutions, Inc.*, 2021 WL 3783110, at *5-*7 (D.N.J. Aug. 26, 2021) (granting motion to dismiss New Jersey Consumer Fraud Act ("NJCFA") claim where plaintiff failed to allege, in their first or second amended complaints, that they "relied on [d]efendants' alleged misrepresentations"); *Debra F. Fink, D.M.D., MS, PC v. Ricoh Corp.*, 365 N.J. Super. 520, 545 (2003) (explaining that the NJCFA requires plaintiffs to plead "causation" and that where a suit concerns "false advertising and material factual concealments," plaintiffs "must [ ] demonstrate that each class member read one or more of the advertisements upon which [they] rely");[5] *See Rodi v. Southern New England School of* Law, 532 F.3d 11, 19 (1st Cir. 2008) ("In order for [plaintiff] to recover under [Massachusetts' consumer protection law,] Chapter 93A[,] based on his claim of fraudulent misrepresentation[,] he must prove reasonable reliance.") (citation omitted)); *Brown's v. Van's International Foods, Inc.*, 622 F.Supp.3d 817, 829 (N.D. Cal. 2022) (requiring that plaintiffs plead reliance as an essential component of their common law unjust enrichment claims and in order to plead with particularity under Rule 9(b) the fraud alleged to have occurred).

\* \* \*

Since the Court determines plaintiffs' TAC does not adequately respond to the Court's previously articulated concerns and further amendment would be futile, the Court **GRANTS** defendants' motion to dismiss **WITH PREJUDICE**.[6]

This terminates Docket Number 94.

The clerk is directed to close the case.

---

[5] The Court interprets *In re ZF-TRW Airbag Control Units Products Liability Litig.* and *Ricoh Corp.* to require that plaintiff plead reliance even if those courts assigned the label "causation" to the respective requirements. The import for the instant case remains the same regardless of how those courts described the requirement: plaintiff must plead awareness of Visa's alleged misrepresentation in order to assert they relied on such misrepresentations to their detriment.

[6] The Court need not consider plaintiffs' new allegations concerning the meaning of the "wholesale market" for foreign currency exchange since even if plaintiffs adequately allege Visa misrepresented the applicable FX rates to consumers, plaintiffs have not sufficiently pled reliance on such misrepresentations. *See, e.g.*, Dkt. No. 90-2, Decl. of Paul Carlier in Support of Pls' TAC.

**IT IS SO ORDERED.**

Dated: August 30, 2023

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**